IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01078-REB-CBS

KIMBERLEY RALSTON,
        Plaintiff,
v.

ANDREW SNYDER, Reg. # 34929,
LAW FIRM OF CASTLE MEINHOLD & STAWIARSKI, LLC, and
MARGARET T. CHAPMAN,
        Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court regarding Plaintiff Ms. Ralston's failure to

appear at the September 12, 2008 Status Conference, failure to comply with court

orders, failure to timely serve Defendants, failure to prosecute this civil action, and

failure to notify the court of her current address or telephone number pursuant to D.C.

COLO. LCivR 10.1 M.  Pursuant to the Orders of Reference dated May 27, 2008 (docs.

# 4 and # 5), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear

and determine pretrial matters, . . ."  The court has reviewed the record, the entire case

file, and the applicable law and is sufficiently advised in the premises.

        Proceeding *pro se*, Ms. Ralston filed the instant action on May 21, 2008, alleging

violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, and

Title 42 U.S.C. § 1985.  (*See* doc. # 1).  The court set the initial Scheduling and

Planning Conference on August 11, 2008 by a Minute Order dated June 4, 2008.  (*See*

doc. # 7).  The court's Order directed that "plaintiff shall notify all parties who have not

1

yet entered an appearance of the date and time of the scheduling/planning conference, and shall provide a copy of this Order to those parties." (*See* doc. # 7 at p. 2 of 4).

Upon Ms. Ralston's request for an extension of time (*see* doc. # 9), the court converted the Scheduling/Planning Conference to a Status Conference. (*See* doc. # 11). Ms. Ralston appeared in person at the August 11, 2008 Scheduling/Planning Conference. None of the Defendants appeared in person or through counsel. The court alerted Ms. Ralston that she had not filed with the court proof of proper service on any of the Defendants. (*See* Courtroom Minutes/Minute Order (doc. # 13)). The court further advised Ms. Ralston that none of the Defendants appears to meet the definition of a "debt collector" as defined by the FDCPA.[1]

---

[1]      The FDCPA applies only to debt collectors. 15 U.S.C. § 1692. A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). *See also Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("the activity of foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA.").

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

*Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. at 1204.

Ms. Ralston also sues Margaret T. Chapman, the Jefferson County Public Trustee. The FDCPA further excludes from the definition of debt collector "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). *See also Hulse*, 195 F. Supp. at 1204 (D. Or. 2002) ("An important point here is that with a trust deed, the trustee possesses the power of sale which may be exercised after a breach of the obligation for which the transfer in trust of the interest in real property is security. Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor.").

During the Status Conference, in Ms. Ralston's presence, the court indicated that it would set a further Status Conference. (*See* FTR audio recording of September 12, 2008 Status Conference). By a Minute Order dated August 11, 2008, the court set a further status conference on September 12, 2008. (*See* doc. # 14). The court mailed a copy of the Minute Order to Ms. Ralston at her address of record with the court. (*See* doc. # 14, Notice of Electronic Filing). Ms. Ralston's copies of the August 11, 2008 Courtroom Minutes/Minute Order (doc. # 13) and the Minute Order (doc. # 14) were returned to the court in the mail as undeliverable, marked "moved left no address, unable to forward, return to sender." (*See* docs. # 15 and # 16).

The court held the Status Conference on September 12, 2008. Ms. Ralston did not appear in person or through counsel. Ms. Ralston has not contacted the court to explain her failure to appear. As there is no proof of service on any Defendant, no one appeared at the Status Conference on behalf of Defendants. Ms. Ralston's copies of the September 12, 2008 Courtroom Minutes/Minute Order (doc. # 18) were returned to the court in the mail as undeliverable, marked "moved left no address, unable to forward, return to sender." (*See* doc. # 19).

Ms. Ralston has failed to appear at the September 12, 2008 Status Conference, failed to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, failed to prosecute this civil action, and failed to notify the court of her current address or telephone number pursuant to D.C. COLO. LCivR 10.1 M. For these reasons, the court may dismiss this civil action with or without prejudice.

Further, Ms. Ralston has failed to timely serve the Defendants. Fed. R. Civ. P.

Rule 4(m) provides in pertinent part

> [i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120-day period to effect service upon Defendants has expired. To date, Ms. Ralston has not filed with the court proper proof of service on any Defendant or requested an extension of time to serve the Defendants. Without proof of service, the court lacks personal jurisdiction over the Defendant. *See Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations omitted). For failure to timely serve the Defendant, the court may properly dismiss this civil action without prejudice.

In order to recommend the sanction of dismissal with prejudice of this civil action, or if the statute of limitations could bar refiling of the claims, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (when a dismissal is with prejudice it "should be determined by reference to the *Ehrenhaus* criteria"); *Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986) ("when a case is dismissed with prejudice or dismissed without prejudice at a time when the statute of limitations would ban refiling, a trial court must explain why it imposed the

extreme sanction of dismissal."). The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

Applying the *Ehrenhaus* criteria, the court finds first that there has been no prejudice to the Defendants, as they have not yet been served in this action. Second, Ms. Ralston's failure to comply with her obligations in this civil action has required the court to repeatedly set, monitor, reset, and issue orders, increasing the workload of the court and interfering with the administration of justice. Third, the record does not reveal that anyone other than Ms. Ralston is culpable for her failure to appear, failure to comply with the court's orders, the Local Rules, and the Federal Rules, failure to prosecute, and failure to notify the court of her current address or telephone number. Ms. Ralston has not alleged or demonstrated that she was unable to perform her obligations. There is nothing in the record to refute the court's conclusion that Ms. Ralston has willfully failed to perform her obligations. Fourth, the court has warned Ms. Ralston in person of the possibility of dismissal for failure to comply with her obligations associated with prosecuting this civil action. (*See* FTR audio recording of September 12, 2008 Status Conference). Finally, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction on a plaintiff who has failed to appear, to comply with previous court orders, or to apprise the court of her

current address.  Since August 11, 2008, all of the court's mailings to Ms. Ralston have been returned as undeliverable (*see* docs. # 15, # 16, # 17, and # 19).  Four out of five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice.

Accordingly, IT IS RECOMMENDED that this civil action be DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendant and pursuant to D.C. COLO. LCivR 41.1 for failure to appear at the September 12, 2008 Status Conference, failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, failure to prosecute this civil action, and failure to notify the court of a current address or telephone number.

DATED at Denver, Colorado, this 19th day of September, 2008.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge